JOHN P. STENNETT, SBN: 72815
STENNETT & STENNETT
501 W. Broadway, Suite 1340
San Diego, CA 92101
Telephone: (619) 544-6887
Fax: (619) 233-3796

Attorneys for Plaintiff

FILED
2008 JUN 20 PM 3:19
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

PETER REED,

Plaintiff,

v.

KYOCERA INTERNATIONAL, INC. EMPLOYEE WELFARE PLAN; KYOCERA INTERNATIONAL, INC.; CIGNA GROUP INSURANCE

Defendants.

NO. '08 CV 1096 JAH NLS

**COMPLAINT FOR RELIEF UNDER ERISA (29 U.S.C. § 1001 et seq.)**

COMES NOW the plaintiff who alleges against defendants as follows:

**NATURE OF ACTION**

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 et seq.

**JURISDICTION AND VENUE**

2. This court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2).

4. At all times herein mentioned plaintiff PETER REED was a resident of San Diego and was an employee of KYOCERA INTERNATIONAL, INC. until he was unable to return to work on or about February 2, 2006. Plaintiff's position with KYOCERA INTERNATIONAL,

INC. was as a Senior Technical Writer.

5. KYOCERA INTERNATIONAL, INC. is a California Corporation duly authorized to transact business in the County of San Diego, State of California.

6. Defendant KYOCERA INTERNATIONAL, INC. EMPLOYEE WELFARE PLAN (hereinafter referred to as the "PLAN") is the designated name of the subject Long Term Disability Plan and is an employee welfare benefit plan as defined by 29 U.S.C. § 1002(1).

7. CIGNA GROUP INSURANCE (hereinafter referred to as "CIGNA") is a Corporation duly authorized to transact business as an insurer in the State of California.

8. During the course of his employment with KYOCERA INTERNATIONAL, INC., plaintiff was given the opportunity to participate in the PLAN as sponsored by KYOCERA INTERNATIONAL, INC. which provided long term disability benefits. The disability benefits were provided for through an insurance policy issued by LIFE INSURANCE COMPANY OF NORTH AMERICA, a subsidiary of CIGNA GROUP INSURANCE and obtained by KYOCERA INTERNATIONAL, INC. for the benefit of its participating employees. Plaintiff elected to participate in the plan and was covered under the policy when he became disabled on February 2, 2006 and entitled to benefits on May 2, 2006. Plaintiff has remained continuously disabled to the present date.

9. The terms of the plan provided for monthly disability payments equal to 66-2/3% of plaintiff's monthly pay to age 65 should plaintiff become and remain disabled. The PLAN contained a 90-day elimination period requiring the beneficiary to be disabled for 90 days before receiving benefits. Plaintiff received a certificate of insurance for Group Policy Number LK0960130 which plaintiff is informed sets forth the terms and conditions of the insured benefits under the PLAN. The policy is known to and in the possession of defendants.

10. On information and belief, plaintiff alleges that defendant CIGNA GROUP INSURANCE performed all claims administration functions and made all decisions regarding plaintiff's eligibility for benefits under the PLAN. Defendant CIGNA GROUP INSURANCE was the acting claims administrator of the PLAN and stood in a fiduciary relationship with the PLAN and plaintiff.

11. Defendant KYOCERA INTERNATIONAL, INC. was the designated administrator of the PLAN and stood in a fiduciary relationship with the PLAN and plaintiff.

12. At all times herein mentioned, the conduct of defendants, and each of them was carried out through the acts and/or omissions of their agents, administrators, representatives, and/or employees, and the conduct of said agents and/or employees was authorized and ratified by defendants and/or the officers, directors and/or managing agents, and each of them.

13. On or about February 2, 2006 and while said policy of insurance was in full force and effect, i.e., within the policy time periods, plaintiff sustained a loss covered under said policy of insurance, in that he became totally disabled as defined in the terms and conditions of the policy of insurance referred to herein.

14. At all times relevant, plaintiff made a timely claim for benefits, performed all of the terms and conditions required of him under the PLAN and met all of the conditions requested for him to receive PLAN benefits, beginning on May 2, 2006.

15. Plaintiff has exhausted all administrative remedies provided for under the PLAN to collect the benefits due him under the PLAN. Plaintiff's initial application for benefits was denied by letter dated July 28, 2006. Plaintiff appealed the PLAN'S denial of his benefits by letter dated December 20, 2007. CIGNA GROUP INSURANCE acknowledged receipt of plaintiff's appeal; however, denied plaintiff's claim by letter dated May 7, 2008.

16. Plaintiff is entitled under the PLAN to the disability benefits from May 2, 2006, at the rate of $4,055.00 per month to date, and in the future, less appropriate offsets received by plaintiff as long as he remains disabled and until he reaches the age of 65. Plaintiff is furthermore entitled to reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

WHEREFORE, plaintiff prays judgment as follows:

(1) For unpaid PLAN benefits and a declaration that plaintiff is entitled to ongoing disability benefits;

(2) For attorneys' fees according to proof;

(3) For costs of suit incurred herein; and,

(4) For such other and further relief as the Court may deem proper, including interest (prejudgment and otherwise) on sums due.

STENNETT & STENNETT
Attorneys for Plaintiff

By ______________________
JOHN P. STENNETT

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
2008 JUN 20 PM 3:10

## I. (a) PLAINTIFFS

PETER REED

(b) County of Residence of First Listed Plaintiff: SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
John P. Stennett, Stennett & Stennett 619-544-6887
501 W. Broadway, Suite 1340, San Diego, CA 92101

## DEFENDANTS

KYOCERA INTERNATIONAL, INC. EMPLOYEE WELFARE PLAN

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. DEPUTY

Attorneys (If Known) '08 CV 1096 JAH NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
29 USC Section 1001, et seq.

Brief description of cause:
Claim for disability benefits under an ERISA employee benefit plan

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ____ DOCKET NUMBER ____

DATE: 06/18/2008

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 152147 AMOUNT $350 APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

TAC 6/20/08

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 152147 - TC

June 20, 2008
15:23:54

Civ Fil Non-Pris
USAO #.: 08CV-1096
Judge..: JOHN A HOUSTON
Amount.: $350.00 CK
Check#.: B4664

Total-> $350.00

FROM: PETER REED
VS.
KYOCERA