ADRIENNE C. PUBLICOVER (161432)
RUSSELL H. BIRNER (181835)
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071-2407
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
E-mail: Adrienne.Publicover@wilsonelser.com,
Russell.Birner@wilsonelser.com

Attorneys for Defendants
KYOCERA INTERNATIONAL, INC.
EMPLOYEE WELFARE PLAN and
KYOCERA INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER REED,<br><br>Plaintiff,<br><br>vs.<br><br>KYOCERA INTERNATIONAL, INC. EMPLOYEE WELFARE PLAN; KYOCERA INTERNATIONAL, INC.; CIGNA GROUP INSURANCE,<br><br>Defendants. | Case No.: 08-CV-1096 JAH (NLS)<br><br>**DEFENDANTS KYOCERA INTERNATIONAL, INC. EMPLOYEE WELFARE PLAN AND KYOCERA INTERNATIONAL, INC.'S ANSWER TO COMPLAINT FOR RELIEF UNDER ERISA**<br><br>Action Filed: June 20, 2008 |

Come now, Defendants Kyocera International, Inc. Employee Welfare Plan (the "Plan") and Kyocera International, Inc. ("Kyocera") (collectively "Defendants") and answer the Complaint for Relief Under ERISA filed by Plaintiff Peter Reed ("Plaintiff") in this matter.

**ANSWER**

1. Defendants admit the allegations in paragraph 1 of the Complaint.

2. Defendants admit the allegations in paragraph 2 of the Complaint.

3. Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants admit that Plaintiff was employed by Kyocera as a Senior Technical Writer. Upon information and believe, Defendants admit that at all relevant times Plaintiff was a resident of San Diego. Except as so expressly admitted, Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. Defendants admit that the Plan is an employee welfare benefit plan under ERISA and that one component of the Plan is long-term disability insurance.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants admit that the Life Insurance Company of North America insured the disability component of the Plan, by virtue of its issuance of a Group Long Term Disability Policy to Kyocera (the "Policy") and that Plaintiff was a participant in the Plan by virtue of his employment with Kyocera. Except as so expressly admitted, Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants state that the terms, conditions, limitations, and restrictions stated in the Policy speak for themselves and must be read in their entirety. Defendants admit, upon information and belief, that Plaintiff received a certificate of insurance for the Policy, and further state that the certificate speaks for itself. Except as so expressly admitted, Defendants deny the allegations of paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants admit that Kyocera was the designated Plan Administrator. Defendants state that the remainder of paragraph 11 of the Complaint consists of a conclusion of law, which Defendants are not required to admit or deny.

12. Defendants state that paragraph 12 of the Complaint consists of conclusions of law, which Defendants are not required to admit or deny. To the extent that this paragraph contains factual allegations, Defendants deny the factual allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants admit that Plaintiff submitted a claim for disability benefits under the Policy. Except as so expressly admitted, Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants admit that Plaintiff has exhausted his administrative remedies under the Plan. Defendants further admit that Plaintiff's claim was denied on or about July 28, 2006 and that Plaintiff appealed the denial of benefits on or about December 20, 2007. In addition, Defendants admit that the denial of Plaintiff's benefits was upheld on or about June 25, 2007 and May 7, 2008. Except as so expressly admitted, Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

Defendants deny the allegations in the prayer of the Complaint.

## AFFIRMATIVE DEFENSES

1. As a first affirmative defense, Defendants allege that Plaintiff has failed to state a claim for relief against Defendants.

2. As a second affirmative defense, Defendants allege that Plaintiff's exclusive remedy is that set forth in 29 U.S.C. § 1132(a)(1)(B).

3. As a third affirmative defense, Defendants allege that Plaintiff has failed, refused and/or neglected to take either reasonable, necessary or any steps whatsoever to mitigate any damages allegedly incurred as a result of Defendants' alleged conduct.

4. As a fourth affirmative defense, Defendants allege that Plaintiff failed to meet or perform all the necessary covenants, conditions and/or promises required to be performed in accordance with the terms and conditions of the Policy at issue in this action.

5. As a fifth affirmative defense, Defendants allege that Plaintiff, under the terms of the Policy and under ERISA, is required to provide proof of disability. The administrative record in this matter, evaluated in its entirety, establishes that Plaintiff has not met this requirement.

6. As a sixth affirmative defense, Defendants allege that the claim determination at issue was based on substantial evidence, and as such did not constitute an abuse of discretion. Therefore, Plaintiff is not entitled to recovery of plan benefits.

7. As a seventh affirmative defense, Defendants allege that the determinations regarding Plaintiff's claim for benefits were neither arbitrary nor capricious, but rather were rational and reasonable based on the evidence submitted by him and comprising the Administrative Record, were made in good faith and were a lawful exercise of sound discretion.

8. As an eighth affirmative defense, Defendants allege that all determinations made by Defendants with respect to Plaintiff's claim for benefits were made in the interest of all plan participants and beneficiaries and in accordance with the terms and conditions of the Plan.

9. As a ninth affirmative defense, Defendants allege Plaintiff's asserted damages, if any, must be reduced by the amount in benefits/income received by Plaintiff from those sources of income and/or benefits specified in the Policy.

10. As a tenth affirmative defense, Defendants allege that in the event that Plaintiff is entitled to benefits, he is only entitled to back benefits under the specific definition of disability

stated in the Policy. Any decision concerning his entitlement to benefits in the future must be made by the claims administrator, not the Court.

11. As an eleventh affirmative defense, Defendants allege that Plaintiff's claim for relief is barred by the equitable doctrine of unclean hands.

12. As a twelfth affirmative defense, Defendants allege that Plaintiff's claim for relief is barred by the equitable doctrine of estoppel.

13. As a thirteenth affirmative defense, Defendants allege that Plaintiff has waived any claim for benefits under the Policy.

14. As a fourteenth affirmative defense, Defendants allege that because this action involves claims under ERISA, Plaintiff is not entitled to a jury trial.

WHEREFORE, Defendants pray for judgment in its favor as follows:

1. That Plaintiff takes nothing by reason of the Complaint on file herein;
2. That Defendants be awarded their costs and expenses incurred in this action;
3. That Defendants be awarded their attorneys' fees incurred in this action; and
4. That Defendants recover such other relief as the Court may deem just and proper.

Date: August ___, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: ______________________________
ADRIENNE C. PUBLICOVER
RUSSELL H. BIRNER

Attorneys for Defendants
KYOCERA INTERNATIONAL, INC.
EMPLOYEE WELFARE PLAN and
KYOCERA INTERNATIONAL, INC.